IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES ARCHIE HOLMES** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 22-3240 |
| | : | |
| **VINH C. LY** | : | |

**McHUGH, J.**                                                                                           **December 16, 2022**

**MEMORANDUM**

      This is a bankruptcy appeal by a debtor who contends that the Bankruptcy Court abused its discretion in granting relief to a secured creditor from the automatic stay in place to protect debtor's assets. The creditor, Vinh C. Ly, moved for relief from the stay after he purchased the property at 1031 Christian Street, where debtor and appellant Charles Archie Holmes has lived with his wife, July McCrey-Holmes, for many years. As stated on the record, the Bankruptcy Court ordered relief due to the creditor's inability to adequately protect his interest in the property. For the reasons that follow, I affirm the Bankruptcy Court's decision.

**I.    Relevant Background**

      Charles Archie Holmes ("Appellant") and Julie E. McCrey-Holmes are occupants of the property located at 1031 Christian Street in Philadelphia, Pennsylvania ("1031 Christian").[1] Appellant avers that, before they married, Ms. McCrey-Holmes[2] came to live at 1031 Christian

---

[1] Because "[t]he district court does not sit as a finder of facts" in reviewing a bankruptcy appeal, the facts here are provided only as background. *See Universal Minerals, Inc. v. C. A. Hughes & Co.*, 669 F.2d 98, 101-02 (3d Cir. 1981).

[2] At the time that she signed the lease, McCrey-Holmes was not yet married and went by the name Julie McCrey. To avoid confusion, I will refer to her as McCrey-Holmes throughout my opinion.

after she signed a "lease with option to purchase" agreement, dated March 24, 2012. R. at 10-12.[3] Her agreement with the then-owners, Anthony Orlando and Cheryl Lynn Ratliff, included a $120,000 down payment and a monthly payment of $2,900. *Id.* at 10. The lease stated in relevant part that all monthly fees would be "applied to the purchase price of the property in the event that the Tenant/Buyer exercises its options hereunder; otherwise, this credit shall be non-refundable and consider forfeited," and that "[a]ll payments shall be deducted from tenant/owner's bank account by Bank of America." *Id.* Over the following three years, McCrey-Holmes made several payments to Bank of America. *Id.* at 13-16. When Appellant and McCrey-Holmes married, Appellant obtained an interest in the property as well. Appellant's Br. 2, ECF 5.

The property interests in 1031 Christian have been litigated at great length and Appellant has an extensive history in bankruptcy court, and I will summarize the relevant history here. Mr. Holmes filed for Chapter 7 bankruptcy on January 28, 2016. R. at 108. On June 9, 2016, while Holmes' Chapter 7 case was pending, WSFS Bank filed a mortgage foreclosure action against Orlando and Ratliff as owners of record in the Philadelphia County Court of Common Pleas. *Id.* at 49, 101. On September 14, 2016, a default judgment was entered against Orlando and Ratliff for failure to respond to the complaint. *Id.* at 53, 102. Weeks later, Mr. Holmes and Ms. McCrey-Holmes were permitted to intervene in the action. *Id.* at 55-57, 102. Nonetheless, the property was sold at a sheriff's sale on May 2, 2017. *Id.* at 59. Holmes and McCrey-Holmes then filed a motion to set aside that sale, which was granted on August 15, 2017. *Id.* at 61, 102. No relief, however, was granted from the default judgment of foreclosure. *Id.* at 46-47, 100, 109.[4]

---

[3] The designated record on appeal and the supplemental record is available at ECF 6-1 and 6-2.

[4] The relevant Common Pleas opinion is included in the record and available on Westlaw. *See Wilmington Sav. Fund Soc. v. Ratliff.*, No. 160600587, 2018 WL 6594315 (C.P. Phila. Nov. 27, 2018) (denying McCrey-Holmes' petition to open judgment of foreclosure).

Mr. Holmes next filed for Chapter 13 bankruptcy on February 5, 2018. R. at 109. A second sheriff's sale of 1031 Christian was scheduled for May 1, 2018, and WSFS sold the property to the law firm Stern & Eisenberg, which also serves as counsel for WSFS. *Id.* at 47, 109. Holmes claims that this sale violated the automatic stay in place during the pendency of his Chapter 13 case. *Id.* at 109. And, when that Chapter 13 case was dismissed on June 26, 2018, Holmes filed for Chapter 13 again just two weeks later – a case which is currently ongoing. *Id.* During this bankruptcy case, Mr. Holmes filed an adversary proceeding against WSFS. *Id.* According to Holmes, WSFS filed a motion for summary judgment that was granted in part and denied in part, allowing Holmes' claim of possessory interest in the property to survive. *Id.* As a result, the parties entered settlement negotiations and stipulated to dismissal of the adversary proceeding. *Id.*

Holmes avers that settlement negotiations with WSFS were abruptly cut off on August 4, 2021. *Id.* Unbeknownst to Holmes, the property had been sold again – on July 8, 2021, Stern & Eisenberg sold the property to Mr. Vinh C. Ly at a private auction. *Id.* at 47. Still without knowledge of the sale, Holmes filed a motion to reinstate the bankruptcy court's automatic stay, which was granted on September 15, 2021. *Id.* at 109; Appellant's Br. 4-5, ECF 5.

On February 23, 2022, Ly, the purported owner of 1031 Christian, filed an ejectment action against Appellant and McCrey-Holmes in state court. R. at 28-30, 109. Appellant claims that, after the ejectment complaint was filed, his counsel informed Ly's counsel that the complaint violated the reinstated stay. Appellant's Br. 5, ECF 5. Consequently, Ly filed a motion for relief from stay in Appellant's bankruptcy case, arguing that his interest in the property was not adequately protected because of a "lack of rental payments, no lease agreement, no landlord/tenant relationship between the parties and [the] failure to vacate[] the premises by debtor." R. at 20.

3

Bankruptcy Judge Ashely M. Chan heard argument on Ly's motion on August 8, 2022.[5] After hearing argument from both parties,[6] Judge Chan reasoned that Ly is a secured creditor who is unable to adequately protect his interests in the property while the stay remains in place. Further, she explained that Holmes can properly address any remaining disputes about title during the state court proceedings. Judge Chan thus granted Ly relief from the stay, permitting him to move forward with his state court ejectment complaint. *Id.* at 112.

Mr. Holmes appealed Judge Chan's order on August 13, 2022. *Id.* at 113-14. On August 30, 2022, Holmes filed an emergency motion to stay Judge Chan's order pending appeal and requested an expedited hearing in front of the District Court. Emergency Mot. Stay Order Pending Appeal, ECF 2. I denied this request without prejudice, noting that Judge Chan had already scheduled a hearing on Holmes' motion for stay pending appeal the following week. On September 6, 2022, Judge Chan granted Holmes' request to stay her order pending my review. R. at 115. The parties then submitted appellate briefing, and Holmes additionally filed a motion for judicial notice.

## II.    Standard of Review

Appeals from decisions granting or denying relief from an automatic stay are reviewed for an abuse of discretion. *See In re Wilson*, 116 F.3d 87, 89 (3d Cir. 1997) (citations omitted); *see In re Brown*, 311 B.R. 409, 412 (E.D. Pa. 2004) (Joyner, J.) ("Discretion will be found to have been abused only when 'the judicial action is arbitrary, fanciful, or unreasonable.'") (citations omitted). A bankruptcy court's statements on the record are sufficient for appellate review in the absence of

---

[5] This hearing was submitted as part of the designated record on appeal. R. at 2. I have obtained and listened to an audio recording of the hearing, during which Judge Chan placed her decision on the record.

[6] Prior to the hearing, Judge Chan ordered the parties to file affidavits on the relevant issues, including whether WSFS had clear title before it transferred the property to Ly. *See* R. at 46, 108.

a formal opinion. *See In re Kempner*, 152 B.R. 37, 41 (D. Del. 1993) (finding the Bankruptcy Court's statements on the record sufficiently explained the Court's rationale "so as to provide meaningful appellate review of the Bankruptcy Court's order").

### III. Discussion

A bankruptcy court "shall grant relief from the stay . . . for cause, including [for] the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1); *Wilson*, 116 F.3d at 90. A moving party bears the initial burden of establishing the existence of cause to lift the stay. *In re Schaffer*, 597 B.R. 777, 789 (Bankr. E.D. Pa. 2019) (citations omitted). If the party meets this burden, then the burden shifts to the debtor to show that no cause exists. *Id.* at 790. Because there is no definition of "cause" in the statute, courts consider "the totality of circumstances in each particular case." *Wilson*, 116 F.3d at 90; *see In re Brown*, 311 B.R. 409, 412-13 (E.D. Pa. 2004) (Joyner, J.) ("Cause is an intentionally broad and flexible concept which must be determined on a case-by-case basis."). A court must consider "the balance of hardships between the parties and whether the creditor's property interest is being unduly jeopardized." *In re Olick*, 221 B.R. 146, 161 (Bankr. E.D. Pa. 1998). "Ultimately, the decision to grant relief from the stay is in the sound discretion of the bankruptcy court." *Id.* (citations omitted); *see Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627-28 (3d Cir. 1990).

In this case, Judge Chan reasonably found that Ly's inability to protect his interest in the 1031 Christian property warranted relief from stay. Judge Chan noted that Ly and Holmes have no formal relationship – no lease has been signed and no payments have been made – to ensure protection of Ly's property interest as the purported property owner.[7] So long as Holmes continues

---

[7] In similar cases where a debtor-tenant fails to pay rent, courts have found that debtor-tenant's landlord has grounds to challenge the automatic stay and seek ejectment in state court. *See, e.g.*, *Zagata*, 893 F.2d at 627-28.

to occupy 1031 Christian without providing Ly, the secured creditor, any adequate protection, I cannot find that Judge Chan abused her discretion.  Moreover, Judge Chan has been presiding over Appellant's bankruptcy proceedings since at least 2018, giving her a strong grasp on the history of the debtor, the ongoing litigation over 1031 Christian, and Appellant's prolonged use of the automatic stay to block state court proceedings.  Although Appellant raises valid concerns about the impact that lifting the stay could have on him and his wife, I find that Judge Chan reasonably viewed Ly's lack of adequate protection in the property as sufficient grounds to warrant relief.

To the extent that there remain questions about whether Ly has clear title to the property, Judge Chan appropriately concluded that such disputes can be settled in state court.  And, as conceded in Appellant's own briefing, in the adversary proceeding between Holmes and WSFS, Judge Chan found only that Holmes had a plausible claim of possessory interest in the property. Mere possessory interest in a property is typically not enough to defeat a secured creditor's motion for relief from stay.  *See In re Fin. Oversight and Mgnt. Bd. for Puerto Rico*, 939 F.3d 340, 348 (1st Cir. 2019) ("Many courts have decided to grant relief 'for cause' after first finding that the debtor has only a legal, rather than equitable, interest in the property at issue."); *In re Butko*, 617 B.R. 532, 534 (Bankr. W.D. Pa. 2020) ("Although the United States Court of Appeals for the Third Circuit has stated that 'mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay,' 'cause' nonetheless exists to lift the stay under section 362(d)(1) if the debtor lacks any further legal or equitable interest in the property."); *see also In re Burch*, 401 B.R. 153, 157 (Bankr. E.D. Pa. 2008) (explaining that a mere possessory interest in a property is protected under the automatic stay "for a limited time only").

Additionally, both parties dedicate considerable portions of their argument to whether Ly violated the automatic stay when he filed his ejectment action in state court.  Although Ly's state

6

court complaint may indeed be void, Appellant's argument remains uncompelling. If Ly did violate the stay, then the most he must do is refile his complaint after the stay has been lifted. And if Ly willfully violated the stay – an assertion for which there is no evidence in the record on appeal, aside from allegations made in Holmes' adversary complaint – then Holmes may pursue statutory damages. *See* 11 U.S.C. § 362(k); R. at 5-6. But on the record before me, any violation of the stay appears *de minimis* and does not impact my review of Judge Chan's decision.

Lastly, Appellant requests that I take judicial notice of two documents as part of the record: 1) the relevant deed and 2) a letter addressed to McCrey-Holmes from the WSFS Wealth Compliance team, which Holmes describes as a "declaration against interest." Appellant's Mot. Judicial Notice, ECF 10. Preliminarily, the first document – the relevant deed – is already part of the designated record on appeal, R. at 23, so there is no need to take notice of that document. Moreover, the deed is only relevant to Appellant's argument about clear title, which, as stated by Judge Chan, is a matter that can still be litigated in state court. As to the second document, Appellant argues that the letter from the WSFS Wealth Compliance team to McCrey-Holmes "concerns a representation made to a governmental agency," and that this Court should take judicial notice of it and consider it as part of the record. But the letter itself is not a public record of any kind, and it was authored by a private party and not a governmental agency. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of information made publicly available by the government). Some filings by private parties, such as SEC filings, can constitute maters of public record, *see Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014), but that is only where such filings are subject to formal legal requirements that support their trustworthiness, such as criminal penalties for falsification. It does not follow that any communication with a public entity renders a document authentic and independently admissible.

And the fact that the document might be otherwise admissible under an exception to the hearsay rule does not solve the threshold issue that the document is neither part of the record on appeal nor judicially noticeable.

### IV.     Conclusion

For the reasons set forth above, Judge Chan's Order Granting Relief from Stay is affirmed, and Appellant's Motion for Judicial Notice is denied.  An appropriate order follows.


    /s/ Gerald Austin McHugh
United States District Judge